UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-20713-CIV-KING

RENEE RAINEY,

    Petitioner,

v.

FLORIDA PAROLE COMMISSION, and
SECRETARY OF THE DEPARTMENT OF CORRECTIONS,

    Respondents.
_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY THIS HABEAS PETITION ON THE MERITS

THIS CAUSE comes before the Court upon the December 26, 2008 Report and Recommendations ("R&R") of Magistrate Judge Patrick A. White (D.E. #16), recommending that this habeas petition be denied on the merits. On October 16, 2009, within ten days of when the R&R was received, the Petitioner filed her Objections (D.E. #17).

After a thorough review of the record and the Petitioner's Objections, the Court concludes that the R&R contains well-reasoned recommendations. The Petitioner contests the sufficiency of the evidence presented to the examiner at the revocation hearing and relied upon to revoke her conditional release. This Court will not disturb the findings made at the revocation hearing if such are supported by competent, substantial evidence. *See Tedder v. Fla. Parole Comm'n*, 842 So. 2d 1022, 1025 (Fla. 1st DCA 2003) ("It is the hearing officer's function to consider all the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact

based on <u>competent, substantial evidence</u>." (emphasis added)). During the revocation hearing, the examiner heard firsthand the testimony of multiple individuals and, therefore, was able to attach significance to the testimony based upon their perceived credibility. Two of these individuals were Officer Morningstar and Officer Cantrell, both of whom responded to the scene where the alleged criminal assault occurred. The Petitioner asserts that the two officers only provided inadmissible hearsay testimony and, thus, could not have provided evidence sufficient to establish (by a preponderance of the evidence) that the Petitioner committed the subject offense. The undersigned disagrees. For example, Officer Morningstar testified that, when he arrived at the scene, "he noticed a broken statu[e] in the parking lot." D.E. #9, Exhibit 2, pg. 46. This testimony does not constitute hearsay and is direct evidence of the subject offense. Therefore, revocation was proper. *See Singletary v. State*, 290 So. 2d 116, 121 (Fla. 4th DCA 1974) (affirming the order revoking probation because, *inter alia*, the "revocation was not based solely upon hearsay evidence").

Next, the Petitioner asserts that the revocation was "based on exaggerated and false statements of the victim." D.E. #17, pg. 2. Again, the undersigned notes that the examiner was able to observe the victim while she provided testimony during the revocation hearing and make credibility determinations. The victim testified that, on July 26, 2006, an argument ensued between her and the Petitioner. *See* D.E. #9, Exhibit 2, pg. 47. She testified that the sworn written statement that she made at the police station—in which she stated, *inter alia*, that the Petitioner threatened to inflict physical harm on her and that she was in fear for her

2

life, *see id.* at pg. 65-66—was "true," *id.* at pg. 47. However, she also testified that she had "made things look more tha[n] what it was" and "that she was not in fear of her life." *Id.* The undersigned recognizes that the victim provided conflicting testimony concerning whether she feared for her life. However, the examiner, who was able to hear the testimony firsthand, seemingly accorded more weight to her testimony that the written statement (which was made close in time to the altercation) at the police station was true. This decision was proper. *See Tedder*, 842 So. 2d at 1025 ("If, as is often the case, the evidence presented supports two inconsistent findings, it is the hearing officer's role to decide the issue one way or the other."). In sum, the examiner's finding that the Petitioner was guilty of the subject offense is supported by competent, substantial evidence.

Finally, the Petitioner asserts that the revocation was in error because the examiner did not find that a willful and substantial violation had occurred. The undersigned concludes that this is not a federal claim upon which relief may be granted in this federal habeas corpus proceeding. It is well-established that "questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes, and that a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, because no question of a constitutional nature is involved." *Johnson v. David*, 2006 WL 4821442, at *6 (M.D. Fla. 2006) (citing *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983)). Here, the Petitioner only relies upon Florida case law to support her assertion that, for a revocation to occur in Florida, there must be a finding that the relevant party both willfully and

3

substantially violated the terms of his or her conditional release. *See* D.E. #17, pg. 3. This requirement is clearly a product of Florida state law. The Petitioner makes the bald assertion that the failure of the examiner to make such a finding "violated due process" but provides no cite to suggest that there is such a requirement under federal law. *Id.* The undersigned notes that the Petitioner has already litigated this state-law claim in state court. The Petitioner first asserted this claim as part of a habeas petition in the Miami-Dade County Circuit Court. *See* D.E. #9, Exhibit 1, pg. 73. That court denied the habeas petition. *See* D.E. #16, pg. 6. Subsequently, the Petitioner appealed the trial court's denial of this particular claim, *inter alia*, to the Third District Court of Appeal. *See* D.E. #9, Exhibit 3, pg. 7-8. The Third District also denied relief. *See Rainey v. State*, 970 So. 2d 840 (Fla. 3d DCA 2007) (table). In sum, the state courts of Florida have considered this claim and denied relief. Even if these state courts erred on this matter, this is not a claim that may be reviewed by this Court. *Johnson*, 2006 WL 4821442, at *6 (denying on the merits the claim that the revocation was not supported by a finding of willfulness; "[t]he U.S. Supreme Court has often held that federal habeas corpus relief does not lie for errors of state law").

Accordingly, the Court being otherwise fully advised, it is ORDERED, ADJUDGED, and DECREED that Magistrate Judge Patrick A White's December 26, 2008 R&R (**D.E. #16**) be, and the same is hereby, **AFFIRMED and ADOPTED**.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 23rd day of January, 2009.



JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   **Magistrate Judge Patrick A. White**

### *Counsel for Petitioner*

**Renee Rainey**
DC #734543
Homestead Correctional Institution
19000 S.W. 377th Street
Florida City, FL 33034
PRO SE

### *Counsel for Respondents*

**Kim Michelle Fluharty**
Florida Parole Commission
2601 Blairstone Road
Building C
Tallahassee , FL 32399

**Richard L. Polin**
Attorney General Office
Department of Legal Affairs
444 Brickell Avenue
Suite 650
Miami , FL 33131